IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:14-CV-121-FL

| | |
|---|---|
| ARVIN LEE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER and** |
| ) | **MEMORANDUM and** |
| DAVID MCFADDEN, CRAVEN COUNTY ) | **RECOMMENDATION** |
| D.A. OFFICE; CRAVEN COUNTY CLERK ) | |
| OF COURT; AND COMBINED ) | |
| RECORDS, N.C., ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff Arvin Lee Williams ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* Public D.E. dated 11 July 2014). For the reasons stated below, the court will allow plaintiff's motion to proceed *in forma pauperis*, but recommend that this case be dismissed.

### ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore GRANTED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.     BACKGROUND**

Plaintiff's complaint consists of a four-page complaint form completed in handwriting (Compl. (D.E. 1-1)) to which are appended a two-page handwritten supplement (Supp. to Compl. (D.E. 1-2)) and several exhibits (D.E. 1-3 to D.E. 1-5), detailed below. Plaintiff names as

defendants District Attorney David McFadden ("McFadden"), the Craven County (North Carolina) District Attorney's Office, Craven County Clerk of Court, and the Combined Records Section of the Division of Adult Correction and Juvenile Justice within the North Carolina Department of Public Safety. (*See* Compl. 1-2).

Plaintiff alleges as follows: In 1995, he was arrested in Pitt County, North Carolina for possession of a credit card issued in the name of his biological father. (*Id.* at 2). The detective investigating the case repeated racial epithets and filed charges against plaintiff, notwithstanding that plaintiff's biological father requested that the charges be dropped. (*Id.*). One charge of felonious obtaining property by false pretenses was brought against defendant for each of the 33 purchases made on the credit card, in contravention of the state statute, North Carolina Credit Cards Crimes Act (1995), which purportedly provides that plaintiff's conduct could only serve as one misdemeanor. (*Id.* at 2-3). Thirty-one of the charges were brought in Pitt County court, where that number of purchases were made. (*Id.* at 3). Plaintiff was convicted there on the 31 charges and served 33.5 months of imprisonment for these convictions. (Supp. to Compl. 2).

The remaining two purchases were made in Craven County. (Compl. 3). Plaintiff was never brought before court in Craven County on the charges for those two purchases when he was incarcerated, as required. (*Id.* at 4; Supp. to Compl. 1). Consequently, after plaintiff's release in 1997 on the Pitt County convictions, he was transported pursuant to a detainer to Craven County jail on the two charges there. (Supp. to Compl. 2). After posting bond, plaintiff was released and given the court date of 3 October 1997 in one of the cases and 15 October 1997 in the other. (*See* 2012 Letter (D.E. 1-3) 2; Arrest Orders for Failure to Appear (D.E. 1-4 at 2, 3) (listing these respective dates as those on which plaintiff failed to appear)). He was advised to contact the Public Defender's office in New Bern, North Carolina for representation. (2012

Letter 2). Plaintiff was told that because these two charges were part of a series of charges arising from the same offense the Public Defender's office would contact plaintiff if he needed to return to court on the charges. (*Id.*). Plaintiff did not appear on the 3 or 15 October 1997 court dates, and warrants were issued for his arrest for failure to appear. (*See id.*; Arrest Orders).

In December of 2012, plaintiff was arrested pursuant to the arrest orders. (Compl. 4; Arrest Orders). On 6 December 2012, he was released on bond. (*See* Release Order (D.E. 1-4)). The charges were ultimately dismissed in February 2013. (Compl. 4; Dismissals (D.E. 1-4 at 4-5)).

Plaintiff alleges that defendants violated the "Constitution of the U.S. and N.C. protections" by denying his right to answer charges before imposition of punishment, false imprisonment, false arrest, due process violations, and speedy trial violations. (Compl. 2; Civ. Cover Sheet (D.E. 1-5)). He also alleges gross negligence and malicious prosecution by McFadden. (Supp. to Compl. 1, 2). Plaintiff contends that the court has federal question jurisdiction under 28 U.S.C. § 1331. (Compl. 2). He demands compensatory damages in the amount of $350,000 and such other damages as the court deems just. (*Id.* at 3).

## II. APPLICABLE LEGAL STANDARDS

### A. Frivolity Review

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure");

*Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336-37 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

  **B. 42 U.S.C. § 1983 Claims**

Title 42 U.S.C. § 1983 ("§ 1983") provides a cause of action for alleged constitutional violations. To establish a claim under § 1983, a plaintiff must prove: "(1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law." *Williams v. Studivent*, No. 1:09CV414, 2012 WL 1230833, at *4 (M.D.N.C. 12 Apr. 2012) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To show that that a defendant acted under the color of state law, "'[t]he person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615-16 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)).

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

The court finds that each of plaintiff's claims is barred and should be dismissed under 42 U.S.C. § 1915(e)(2)(B) on one or more of the following grounds: the principles recognized in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); the *Rooker-Feldman* doctrine; Eleventh Amendment, prosecutorial, and quasi-judicial immunity; and various other grounds. Each of these grounds is discussed in turn below.

### A. *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 487 (emphasis original). Plaintiff has made no showing that his conviction and sentence were reversed or subject to any of the other action specified in *Heck v. Humphrey*. Accordingly, any claims by plaintiff challenging such conviction and sentence are not cognizable under § 1983 and should be dismissed.

### B. *Rooker-Feldman* Doctrine

Independent of the principles in *Heck v. Humphrey*, the *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

280 (2005)). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004). A constitutional claim is "inextricably intertwined" with a state court decision if "'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id*. (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 Fed. Appx. 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "inextricably intertwined" where "'in order to grant the federal relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual'" (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997))).

In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyer*, 129 F.3d at 733). "The key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.'" *Willner v. Frey*, 243 Fed. Appx. 744, 747 (4th Cir. 2007) (quoting *Davani*, 434 F.3d at 718). "'[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Brown & Root,*

*Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The injuries plaintiff alleges in this case result from alleged improprieties in the state court criminal proceedings, including the multiplicity and felony nature of the charges brought against him in 1995, the manner of his arrest on those charges, the length of the sentence he received for his convictions on the charges brought in Pitt County, the delayed nature of the prosecution of the Craven County charges, and the proceedings against him for failure to appear in Craven County. Matters relating to these state criminal proceedings are not appropriately brought before this court because a determination of plaintiff's claims in his favor would necessarily require this court to find that the state court proceedings were instituted in an improper manner, produced an improper result, or both. The *Rooker-Feldman* doctrine prohibits this court from making such a determination. Plaintiff, of course, retained access to the state courts for pursuit of such claims. The claims should accordingly be dismissed. *See Dye v. Hatfield,* No. Civ.1:03CV01077, 2004 WL 3266029, at *5 (M.D.N.C. 26 Aug. 2004) (finding that civil rights claims based upon "an alleged conspiracy among virtually everyone involved with the North Carolina state court system" which "appear to be nothing more than a collateral attack on decisions of the North Carolina state courts in civil and criminal matters" were barred by *Rooker-Feldman*); *Richardson v. Greene*, No. 5:11-CV-202-H, 2011 WL 8318429, at *1 (E.D.N.C. 6 July 2011) (affirming as frivolous plaintiff's complaint which sought review of a state court decision denying his request for appeal of a state court criminal conviction); *Newman v. Alexander*, No. Civ. A. 7:02CV01024, 2003 WL 1746320, at *4 (W.D. Va. 1 Apr. 2013) ("[Plaintiff] is essentially attempting to attack her criminal conviction by accusing the judicial officers involved in her criminal prosecution of conspiring against her. The *Rooker-Feldman*

doctrine prohibits this court from hearing claims that seek to determine whether the decisions of a state court were wrong.").

### C. Eleventh Amendment, Prosecutorial, and Quasi-Judicial Immunity

Various types of immunity bar the claims against McFadden, the Craven County District Attorney's Office, the Craven County Clerk of Court, and the Combined Records Section, and provide an independent basis for their dismissal.

For example, the Eleventh Amendment provides a state, state agents, and state instrumentalities immunity from suits brought by citizens of the state, as well as citizens of another state and subjects of any foreign state. *See*, *e.g.*, *Kirby v. N.C. State Univ.*, No. 5:13–CV–850–FL, 2015 WL 1036946, at *3 (E.D.N.C. 10 Mar. 2015). Eleventh Amendment immunity bars any claims against the Craven County District Attorney's Office, McFadden in his official capacity, and the Combined Records Section. *Davenport v. Keith,* No. 2:14–CV–36–D, 2014 WL 5790970, at *1 (E.D.N.C. 6 Nov. 2014) ("Finally, the Eleventh Amendment bars plaintiff's claims for damages against [the District Attorney] in his official capacity and against the District Attorney's Office."); *Brown v. Haley,* No. 3:11–2080–MBS, 2012 WL 1191635, at *3 (D.S.C. 10 Apr. 2012) ("Eleventh Amendment state immunity extends to state agencies and instrumentalities such as Defendant Vital Records Department.").

The law provides absolute immunity from personal liability for activities conducted by "an officer of the court," including prosecutors, as long as the conduct at issue is closely associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009); *Puckett v. Carter*, 454 F. Supp. 2d 448, 452 (M.D.N.C. 2006). ("[P]rosecutors enjoy absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties."). Plaintiff's claims against McFadden are connected

with his prosecution of the criminal proceedings against plaintiff in state court. Absolute immunity therefore bars any claims against McFadden in his individual capacity. *See Manteen-El v. Price,* No. 3:15–cv–58–FDW, 2015 WL 631382, at *3 (W.D.N.C. 12 Feb. 2015) (dismissing § 1983 claims on frivolity review against district attorney and assistant district attorney because they were entitled to prosecutorial immunity for claims arising from their state court prosecution of plaintiff); *Footman v. Banks*, No. 5:13–cv–02320–TLW, 2014 WL 4662428, at *3 (D.S.C. 13 Sept. 2013) (concluding that claims against state prosecutor should be dismissed for frivolity on grounds of prosecutorial immunity), *rep. and recomm. adopted on other grounds* by 2014 WL 4662428, at *2 (17 Sept. 2014).

Similarly, "[a] clerk of court is entitled to quasi-judicial immunity when carrying out judicial functions." *Bayyari v. Shapiro,* No. 5:14–CV–312–FL, 2014 WL 5427986, at *4 (E.D.N.C. 2 Sept. 2014); *see also Williams v. Cooper*, No. 3:12–cv–83–RJC, 2012 WL 4498271, at *3 (W.D.N.C. 28 Sept. 2012) ("Court clerks are accorded derivative absolute immunity when they act in obedience to judicial order or under the court's direction."). Here, the only conduct in plaintiff's complaint attributable to the Craven County Clerk of Court is the filing and retention of judicial documents. Plaintiff's claims against it are therefore barred by quasi-judicial immunity. *See*, *e.g.*, *Green v. North Carolina*, No. 4:08–CV–135–H, 2010 WL 3743767, at *3 (E.D.N.C. 21 Sept. 2010) ("Inasmuch as plaintiff is attempting to make claims which arise out of actions by the superior court judge and/or the clerk of court within their capacities as judicial officers, these claims are barred by the doctrine of judicial immunity.").

### D. Additional Grounds

Various claims plaintiff purports to assert are subject to dismissal on additional grounds. Specifically, any claim for false arrest with respect to his 2012 arrest for failure to appear fails

because plaintiff does not contest the facial validity of the orders for his arrest, no defect in them is otherwise apparent (*see* Arrest Orders), and, as to the 3 October 1997 court date, he concedes that he failed to appear (2012 Letter 2). *See Brunson v. Butler*, No. 5:09–CT–3063–FL, 2013 WL 4666350, at *5 (E.D.N.C. 30 Aug. 2013) ("Pursuant to § 1983, 'a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant.'" (quoting *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998)); *see also Dorn v. Town of Prosperity*, 375 Fed. Appx. 284, 288 (4th Cir. 2010) ("[T]here can be no claim for false arrest where a person is arrested pursuant to a facially valid warrant."). For similar reasons, any claim for malicious prosecution cannot stand because a required element of such claim is that defendant caused "a seizure of the plaintiff pursuant to legal process unsupported by probable cause," and, again, here plaintiff concedes his failure to appear. *Armstrong v. North Carolina*, No. 5:13–CV–627–D, 2014 WL 2199987, at *4 (E.D.N.C. 27 May 2014).

Any claims by plaintiff for negligence are not cognizable under § 1983. *Morrison v. Dulah*, No. 5:14–CV–66–FDW, 2014 WL 2573041, at *3 (W.D.N.C. 9 June 2014) ("Mere negligence is simply not an actionable claim under § 1983."). Nor has he alleged facts sufficient to support a cognizable claim for a constitutional violation of his rights to due process. *See Temkin v. Frederick County Com'rs,* 945 F.2d 716, 720 (4th Cir. 1991) (plaintiff must allege conduct that "shocks the conscience," or constitutes "a brutal and inhumane abuse of official power literally shocking to the conscience," in order to establish that his rights to substantive due process have been implicated).

In addition, plaintiff has failed to identify any specific conduct in his complaint attributable to the Combined Records Section. He alleges no wrongdoing by the Craven County Clerk of Court. Any claims against these parties fail for these additional reasons.

Finally, to the extent that any of plaintiff's claims purport to assert independent state law claims, the court should not exercise supplemental jurisdiction over such claims, where no valid federal claims otherwise have been asserted. *Olavarria v. North Carolina Administrative Office of the Courts,* No. 5:15–CV–00049–F, 2015 WL 1526544, at *5 (E.D.N.C. 3 Feb. 2015) ("Where it is recommended that Plaintiff's federal claims be dismissed, the court may decline to exercise supplemental jurisdiction over any remaining state law claims."), *rep. and recomm. adopted by* 2015 WL 1526544, at *1 (3 Apr. 2015); *Joyner v. Poole*, No. 4:14–CV–208–BO, 2015 WL 1179492, at *3 (E.D.N.C. 13 Mar. 2015) ("Dismissal of state law claims is mandatory where federal claims are frivolous, as the jurisdiction of the federal court is not engaged.").

## IV.   CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 13 May 2015 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 29th day of April 2014.

_____
James E. Gates
United States Magistrate Judge