IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:14-CV-121-FL

| | | |
|---|---|---|
| ARVIN LEE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| | ) | |
| DAVID MCFADDEN, Craven Co D.A. | ) | |
| 1995; COMBINED RECORDS | ) | |
| SECTION, N.C. Dept. of Corrections, | ) | |
| Raleigh 1995-97; CRAVEN CO. | ) | |
| CLERK OF COURT; and CRAVEN | ) | |
| CO. D.A. OFFICE 1995-97, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the memorandum and recommendation ("M&R") of Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint on frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation and dismisses the complaint.

# BACKGROUND[1]

Plaintiff's complaint consists of a four-page complaint form completed in handwriting (Compl. (DE 6)) to which are appended a two-page handwritten supplement (Supp. to Compl. (DE 6-2)) and several exhibits (DE 6-3 to DE 6-5), detailed below. Plaintiff names as defendants former District Attorney David McFadden ("McFadden"),[2] the Craven County (North Carolina) District Attorney's Office, Craven County Clerk of Court, and the Combined Records Section of the Division of Adult Correction and Juvenile Justice within the North Carolina Department of Public Safety. (See Compl. 1-2).

Plaintiff's allegations may be summarized as follows. In 1995, he was arrested in Pitt County, North Carolina for possession of a credit card issued in the name of his biological father. (Id. at 2). The detective investigating the case repeated racial epithets and filed charges against plaintiff, notwithstanding that plaintiff's biological father requested that the charges be dropped. (Id.). One charge of felonious obtaining property by false pretenses was brought against defendant for each of the 33 purchases made on the credit card, in contravention of the state statute, North Carolina Credit Cards Crimes Act (1995), which purportedly provides that plaintiff's conduct could only serve as one misdemeanor. (Id. at 2-3). Thirty-one of the charges were brought in Pitt County court, where that number of purchases were made. (Id. at 3). Plaintiff was convicted there on the 31 charges and served 33.5 months of imprisonment for these convictions. (Supp. to Compl. 2).

---

[1] The court adopts and incorporates herein in large part the background set forth in the M&R, augmented where necessary in light of the court's analysis of plaintiff's objections.

[2] It appears that plaintiff is referencing former District Attorney William David McFadyen, Jr., Prosecutorial District 3B. For purposes of this order, the court refers to this defendant in the manner referenced by plaintiff.

The remaining two purchases were made in Craven County, (Compl. 3), and charges were brought against plaintiff for those two purchases in Craven County. (See Supp. to Compl. 2). Plaintiff was not brought before court in Craven County on the charges for those two purchases while he was incarcerated for the Pitt County charges. (Id. at 4; Supp. to Compl. 1). Instead, after plaintiff's release in 1997 on the Pitt County convictions, he was transported pursuant to a detainer to Craven County jail on the two charges there. (Supp. to Compl. 2). After posting bond, plaintiff was released and given the court date of October 3, 1997 in one of the cases and October 15, 1997 in the other. (See 2012 Letter (DE 6-2 at 2); Arrest Orders for Failure to Appear (DE 6-4 at 2, 3)).

Plaintiff was advised to contact the Public Defender's office in New Bern, North Carolina for representation. (See 2012 Letter (DE 6-2 at 2)). Plaintiff was told that because these two charges were part of a series of charges arising from the same offense the Public Defender's office would contact plaintiff if he needed to return to court on the charges. (Id.). Plaintiff did not appear on the 3 or 15 October 1997 court dates, and warrants were issued for his arrest for failure to appear. (See id.; Arrest Orders). In December of 2012, plaintiff was arrested pursuant to the arrest orders. (Compl. 4; Arrest Orders). On 6 December 2012, he was released on bond. (See Release Order (DE 6-4)). A Craven County prosecutor, Mr. Groff Adair, dismissed the two craven county charges for obtaining property by false pretenses, resulting also in recall of all related outstanding orders for arrest, on February 4, 2013. (Compl. 4; Dismissals (DE 6-4 at 4-5)).

Plaintiff claims that defendants violated the "Constitution of the U.S. and N.C. protections" by imposition of punishment before plaintiff was brought to answer charges against him, false imprisonment, false arrest, due process violations, unfair delay in arrest and speedy trial violations. (Compl. 2; Civ. Cover Sheet (DE 6-5)). He also alleges gross negligence and malicious prosecution

3

by McFadden. (Supp. to Compl. 1, 2). Plaintiff contends that the court has federal question jurisdiction under 28 U.S.C. § 1331. (Compl. 2). He demands compensatory damages in the amount of $350,000.00 and such other damages as the court deems just. (Id. at 3).

The M&R recommends dismissal of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B), for multiple reasons. First it recommends dismissal of any claims based upon criminal proceedings completed adverse to plaintiff under Heck v. Humphrey, 512 U.S. 477 (1994), and the Rooker-Feldman doctrine, pursuant to District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Second it recommends dismissing all claims on the basis of Eleventh Amendment, prosecutorial, and quasi-judicial immunity. Third it recommends dismissing constitutional claims as failing to state a claim, and state law claims by declining supplemental jurisdiction.

**DISCUSSION**

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

4

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009) (citations omitted).

B.  Analysis

Plaintiff suggests in his objections that he is not seeking relief for actions by defendants leading to his arrest and detention for the Pitt County charges, but rather only defendants' actions leading to charges and arrests in Craven County that were ultimately dismissed. The court's analysis thus addresses those claims for relief discussed in plaintiff's objections.[3]

---

[3] Where plaintiff's complaint also suggests plaintiff seeks to bring claims for relief due to the nature or extent of his charges, arrest, and incarceration for the Pitt County offenses, the court adopts the analysis of the M&R applying Heck and the Rooker-Feldman doctrine to dismiss such claims.

5

Case 4:14-cv-00121-FL   Document 8   Filed 07/14/15   Page 5 of 8

1. Immunity

Plaintiff's claims must be dismissed because he has sought relief against defendants that are immune from suit. First, Eleventh Amendment immunity bars suit against the Craven County District Attorney's Office, the Combined Records Section, and McFadden in his official capacity. See Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) (holding that Eleventh Amendment immunity extends to "state agencies and state officers acting in their official capacity" for suits brought under § 1983).

Second, prosecutorial immunity bars suit against McFadden in his personal capacity as former Craven County District Attorney, on the basis of the conduct by McFadden alleged in the complaint. "Prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Actions protected by prosecutorial immunity include functions "relate[d] to an advocate's preparation for the initiation of a prosecution or for judicial proceedings," including the "professional evaluation of the evidence assembled by the police," Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993), and the decision to proceed with a prosecution based on such evidence. See Springmen v. Williams, 122 F.3d 211, 212-13 (4th Cir. 1997).

Plaintiff alleges that McFadden violated his constitutional rights by delaying prosecution against him, first during the time he was imprisoned on the Pitt County charges, and second, during the time period after 1997, after plaintiff failed to appear in Craven County court on two charges of

obtaining property by false pretense. Plaintiff suggests that these delays in prosecuting plaintiff violated his due process rights to have a case calendared no more than 60 days after arrest.

These alleged actions in deciding whether and when to initiate prosecution against plaintiff, however, fall within the category of actions protected by prosecutorial immunity. Indeed, the "doctrine of absolute immunity squarely covers a prosecutor's decision to go forward with a prosecution." Id. "A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court." Id. at 213 (quoting Imbler, 424 U.S. at 424).

While plaintiff argues that "the calendaring of cases for trial is an administrative not advocative function," (DE 7 at 2), the Fourth Circuit repeatedly has "reaffirmed that a prosecutor is entitled to absolute immunity for claims that rest on her decisions regarding whether and when to prosecute." Springmen, 122 F.3d at 213 (quoting Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir.1996)) (emphasis added). Thus, defendant McFadden's allegedly imprudent decisions to delay prosecution of plaintiff after he completed his term of imprisonment on the Pitt County offenses, or after years had passed since he failed to appear for court in 1997 for the Craven County charges, are protected by absolute prosecutorial immunity.

Third, inasmuch as plaintiff alleges the Clerk of Court is liable for calendaring plaintiff's court appearances, or issuing the orders for arrest, on behalf of the Craven County courts, the Clerk of Court is entitled to absolute immunity. See Briscoe v. LaHue, 460 U.S. 325, 335 (1983) (stating that absolute immunity extends to "all persons – governmental or otherwise – who were integral parts of the judicial process"); Jarvis v. Chasanow, 448 F. App'x 406, 406 (4th Cir. 2011) (holding that clerk's office employees, acting as a judge's designee, are entitled to quasi-judicial immunity).

7

In sum, all claims against defendants must be dismissed on the basis of the immunity of the defendants to suit.

2. Failure to State a Claim

Plaintiff also fails to state a claim upon which relief can be granted. A due process claim based upon delay in prosecution is cognizable insofar as it prejudiced plaintiff's defense in the prosecution. See, e.g., Howell v. Barker, 904 F.2d 889, 895 (4th Cir. 1990). Here, however, plaintiff was not prejudiced from any delay in prosecution because the charges against him were dismissed. (DE 6-3 at 4-5). To the extent plaintiff seeks damages for false arrest and imprisonment, such claims are foreclosed by the facially-valid arrest warrants attached to plaintiff's complaint (id. at 2-3). See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). To the extent plaintiff seeks damages for malicious prosecution, such claim is belied by plaintiff's own admission that he failed to appear on October 3, 1997, for charges based on the "same series" of crimes for which he served 33.5 months in prison in Pitt County. (DE 6-2). See id. at 569.

Accordingly, plaintiff's claims must be dismissed for failure to state a claim for which relief can be granted.

## CONCLUSION

Based on the foregoing, upon *de novo* review of those portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the M&R. Plaintiff's action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to close this case.

SO ORDERED, this the 14th day of July, 2015.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge